**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **NF Suwannee, LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **DBA  Suwannee Health and Rehabilitation Center**<br>**FDBA  Suwannee Health Care Center** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **26-2684493** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1620 SE Helvenston St.**<br>**Live Oak, FL 32064**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Suwannee**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   **www.gchc.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **NF Suwannee, LLC** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**7. Describe debtor's business**

A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**6231**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| | Debtor | **See Rider 1** | | Relationship | **Affiliate** |
|---|---|---|---|---|---|
| | District | **Delaware** | When | Case number, if known | |

| Debtor | **NF Suwannee, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

         Contact name _____

         Phone _____

## ▮ Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Note: The information provided regarding number of creditors, assets, and liabilities in Items 14-16 is being provided on a consolidated basis for the entities listed on Rider 1.

| Debtor | **NF Suwannee, LLC** | | Case number (*if known*) | |
| | Name | | | |

---

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     10/14/2021
                 MM / DD / YYYY

X _____          **M. Benjamin Jones**
Signature of authorized representative of debtor       Printed name

Title     **Chief Restructuring Officer**

**18. Signature of attorney**

X _____          Date     10/14/2021
Signature of attorney for debtor                      MM / DD / YYYY

**David R. Hurst**
Printed name

**McDermott Will & Emery LLP**
Firm name

**1007 North Orange Street**
**10th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone     **302-485-3900**     Email address     **dhurst@mwe.com**

**3743 DE**
Bar number and State

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and
Certain Affiliates and Subsidiaries of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Debtor Gulf Coast Health Care, LLC.

| Debtor Name | EIN Number |
|---|---|
| Gulf Coast Health Care, LLC | 26-2429281 |
| GCH Management Services, LLC | 26-2739208 |
| HUD Facilities, LLC | 26-2577845 |
| Gulf Coast Facilities, LLC | 26-2578073 |
| Florida Facilities, LLC | 26-2577948 |
| Pensacola Administrative Holdings, LLC | 26-3193278 |
| Pensocola Administrative Services, LLC | 26-2428994 |
| Gulf Coast Master Tenant Holdings, LLC | 26-2748675 |
| Gulf Coast Master Tenant I, LLC | 26-2550046 |
| Gulf Coast Master Tenant II, LLC | 26-2550137 |
| Gulf Coast Master Tenant III, LLC | 85-3493044 |
| AL Citronelle, LLC | 26-2690191 |
| AL Willow Tree, LLC | 26-2690274 |
| Brevard Oaks Center, LLC | 32-0451736 |
| FL HUD Baybreeze, LLC | 26-2636276 |
| FL HUD Bayside, LLC | 26-2643850 |
| FL HUD Destin, LLC | 26-2644484 |
| FL HUD Margate, LLC | 26-2644896 |
| FL HUD Pensacola, LLC | 26-2645052 |
| FL HUD Rosewood, LLC | 26-2645474 |
| FL HUD Silvercrest, LLC | 26-2669438 |
| MF Debary, LLC | 26-2694597 |
| MF Flagler, LLC | 26-2694651 |
| MF Halifax, LLC | 26-3754958 |
| MF Heritage, LLC | 26-2694722 |
| MF Lake Eustis, LLC | 26-2694775 |
| MF Longwood, LLC | 26-2694685 |
| MF Oakwood, LLC | 26-2694811 |
| MF Winter Park, LLC | 26-2694526 |
| MS Greenbough, LLC | 26-2684584 |
| MS HUD Boyington, LLC | 26-2669498 |
| MS HUD Dixie, LLC | 26-2670012 |
| MS HUD Ocean Springs, LLC | 26-2670052 |
| MS HUD Pine View, LLC | 26-2670109 |

| Debtor Name | EIN Number |
|---|---|
| MS Lakeside, LLC | 26-2684631 |
| MS Shelby, LLC | 26-2684684 |
| MS Singing, LLC | 26-2689610 |
| NF Brynwood, LLC | 26-2683900 |
| NF Chipola, LLC | 26-2683983 |
| NF Escambia, LLC | 36-4792972 |
| NF Glen Cove, LLC | 26-2684052 |
| NF Manor, LLC | 26-2684126 |
| NF Nine Mile, LLC | 61-1818542 |
| NF Panama, LLC | 26-2684180 |
| NF Pensacola Manor, LLC | 90-1008236 |
| NF River Chase, LLC | 26-2684250 |
| NF Suwannee, LLC | 26-2684493 |
| NF Windsor, LLC | 26-2684540 |
| SC-GA2018 Cobblestone Rehabilitation and Healthcare Center, LLC | 30-1140124 |
| SF Berkshire, LLC | 26-2690355 |
| SF Boynton, LLC | 26-2690496 |
| SF Brevard, LLC | 61-1744824 |
| SF Carnegie, LLC | 26-2690561 |
| SF Fountainhead, LLC | 26-2691424 |
| SF Glen Oaks, LLC | 26-2690599 |
| SF Kissimmee, LLC | 26-2691378 |
| SF Lake Placid ALF, LLC | 80-0943568 |
| SF Lake Placid, LLC | 26-2691469 |
| SF Oakbrook, LLC | 26-2691565 |
| SF Royal Manor, LLC | 26-2693564 |
| SF Salerno, LLC | 26-2693715 |
| SF Tampa, LLC | 26-2693802 |

**EXECUTION VERSION**

**GULF COAST HEALTH CARE, LLC**
**PENSACOLA ADMINISTRATIVE HOLDINGS, LLC**
**GULF COAST MASTER TENANT HOLDINGS, LLC**

––––––––––––––––––––

Written Consent
of
Independent Manager

––––––––––––––––––––

October 13, 2021

The undersigned, being the Independent Manager (the "Independent Manager") of Gulf Coast Health Care, LLC, a Delaware limited liability company ("GCHC"), Pensacola Administrative Holdings, LLC, a Delaware limited liability company ("PAH"), and Gulf Coast Master Tenant Holdings, LLC, a Delaware limited liability company ("GCMTH" and together with GCHC and PAH, the "Parent Companies" and each, a "Parent Company"), acting on behalf of each Parent Company in accordance with the limited liability company agreement of such Parent Company (each, a "Parent Company LLC Agreement"), and each Parent Company acting on behalf of each of its direct subsidiaries listed on Schedule A (each, a "Subsidiary" and together with the Parent Companies, the "Companies" and each, a "Company"), and such Subsidiaries acting on behalf of the other Subsidiaries, as member and/or manager of such Subsidiaries, in accordance with the limited liability company agreement of such Subsidiaries, hereby consents to the following actions and adopts the following resolutions with respect to each Company in lieu of a meeting effective as of the date hereof.

**Appointment of Chief Restructuring Officer**

WHEREAS, the Independent Manager may appoint officers and agents of each Parent Company, and may cause each Parent Company or any Subsidiary to appoint officers and agents of each Subsidiary, in each case as the Independent Manager shall deem necessary or advisable in connection with a Restructuring Action (as defined in each Parent Company LLC Agreement), who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the Independent Manager, acting for or on behalf of any Company; and

WHEREAS, the Independent Manager deems it to be in the best interest of each Company to appoint M. Benjamin Jones as Chief Restructuring Officer (the "CRO"), and Russell A. Perry as Assistant Chief Restructuring Officer (the "Assistant CRO" and, together with the CRO, the "Restructuring Officers"), to, among other things, assist the Companies in their review, evaluation, and analysis of one or more strategic and/or financing transactions.

NOW THEREFORE BE IT RESOLVED, M. Benjamin Jones and Russell A. Perry, be, and hereby are, appointed to serve as the CRO and the Assistant CRO, respectively, of the Companies for such a term, and shall exercise such powers and perform such duties as shall be determined by the Independent Manager, and in accordance with the terms and conditions of that certain engagement letter, dated as of October 13, 2021, by and among the Companies and Ankura Consulting Group, LLC, as may be amended from time to time.

**Chapter 11 Filing**

WHEREAS, the Independent Manager has considered presentations by the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available, and the effect of the foregoing on each Company's business and creditors; and

WHEREAS, the Independent Manager has had the opportunity to consult with the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

NOW, THEREFORE, BE IT RESOLVED, that it is advisable and in the best interest of each Company (including a consideration of its creditors and other parties-in-interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

FURTHER RESOLVED, that the Restructuring Officers and any other duly appointed officer of any Company or any other person acting at the direction of the foregoing officers or the Restructuring Officers (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all actions that they deem necessary, proper, or convenient to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Entry into Restructuring Support Agreement**

WHEREAS, the Independent Manager has considered presentations by the financial and legal advisors of each Company regarding the advantages and disadvantages to each Company of the transactions contemplated by that certain Restructuring Support Agreement, by and among the Companies, certain direct and indirect equity holders of the Companies, certain service providers to the Companies, OHI Asset Funding (DE), LLC ("Omega") and certain affiliates thereof, and New Ark Capital, LLC (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "RSA"); and

WHEREAS, the Independent Manager has had the opportunity to consult with the financial and legal advisors of the Companies and fully consider each of the strategic alternatives to the transactions contemplated by the RSA.

NOW, THEREFORE, BE IT RESOLVED, that it is advisable and in the best interests of each Company, its equityholders, its creditors, and other parties-in-interest to enter into the RSA, and that each Company's performance of its obligations under the RSA be, and hereby is, in all respects, authorized and approved; and

FURTHER RESOLVED, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute the RSA on behalf of the Companies, and perform all the transactions contemplated thereby.

**Retention of Professionals**

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of McDermott Will & Emery LLP ("McDermott") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of McDermott;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq") as claims, noticing, and administrative agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of Epiq;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary, proper, or convenient; and

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

WHEREAS, reference is made to that certain debtor-in-possession term sheet (together with any and all exhibits, schedules, and annexes thereto, the "DIP Term Sheet") providing for a secured debtor-in-possession term loan credit facility of up to $25 million in the aggregate to be provided by Omega or affiliates thereof (as amended, amended and restated, supplemented, or otherwise modified from time to time, the "DIP Facility" and the financing to be provided thereunder, the "DIP Financing") and the use of the cash collateral, as that term is defined in Bankruptcy Code section 363(a) (the "Cash Collateral" and the funding to be provided through the use of Cash Collateral, the "New Ark Funding"), which is security for certain prepetition secured lenders under that certain Credit Agreement, by and between Wells Fargo Bank, N.A. ("Wells Fargo") and GCHC and certain

of its affiliates and subsidiaries, dated as of July 6, 2018, which subsequently was assigned by Wells Fargo to New Ark Capital, LLC ("New Ark").

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Independent Manager, each Company will receive benefits from the DIP Financing and the New Ark Funding, and it is advisable and in the best interest of each Company, each Company's equityholders, creditors, and other parties-in-interest that the form, terms, and provisions of (i) the DIP Term Sheet and (ii) the Documentation and New Ark Funding Documentation (both as defined in the DIP Term Sheet and, together, the "DIP Documentation"), and all other documents, agreements, instruments or certificates, intellectual property security agreements, joinders, and consents to be executed, delivered, or filed by each Company in connection therewith, and the transactions contemplated by the DIP Term Sheet and the DIP Documentation (in each case including, without limitation, the borrowings and other extensions of credit thereunder, and the guaranties, liabilities, obligations, security interest granted, and notes issued, if any, in connection therewith) be authorized, adopted, and approved in substantially the form presented to the Independent Manager, together with such changes as may be approved by the Authorized Signatories executing and delivering the same, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Term Sheet and DIP Documentation be, and hereby are, authorized, adopted, and approved in substantially the form presented to the Independent Manager, together with such changes as may be approved by the Authorized Signatories executing and delivering the same, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof, and each Company's execution and delivery of, and the incurrence and performance of its obligations in connection with, the DIP Term Sheet and DIP Documentation, and the consummation of the transactions contemplated thereby or entered into in connection with the DIP Term Sheet and DIP Documentation, including, without limitation, any borrowing by any Company under the DIP Term Sheet and DIP Documentation, are hereby, in all respects, authorized and approved;

FURTHER RESOLVED, that in order to use and obtain the benefits of the DIP Financing and the New Ark Funding, and in accordance with Bankruptcy Code section 363, each Company will provide certain liens, claims, and adequate protection to Omega and New Ark to secure the obligations of the Companies under the DIP Facility and New Ark Funding as documented in a proposed order in interim and final form (each, a "DIP Order" and, together, the "DIP Orders"), authorizing and approving the DIP Term Sheet, the DIP Documentation, and the transactions contemplated thereby, and submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby are hereby authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each DIP Order and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents relating to the transactions contemplated thereby to which each Company is or will be a party, including, but not limited to, any security agreements, pledge agreements, guaranty agreements, assignment documents, notices, financing statements, mortgages, intellectual property filings, tax affidavits, fee letters and other instruments

as Omega or New Ark may reasonably request or as may be necessary or appropriate to create, preserve, and perfect the liens granted under the DIP Term Sheet and DIP Documentation and to otherwise consummate the transactions contemplated thereby, with any changes, additions, and modifications to the DIP Term Sheet, DIP Documentation, and DIP Orders (collectively, the "<u>DIP Documents</u>") as any Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof; and

FURTHER RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay all fees and expenses payable in accordance with the terms of the DIP Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates, or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, or documents in the name and on behalf of each of the Companies, which shall in their sole judgment be necessary, proper, or advisable in order to perform such Companies' obligations under or in connection with any of the DIP Documents and the transactions contemplated thereby (execution by such Authorized Signatory to constitute conclusive evidence of such judgment), and to carry out fully the intent of the foregoing resolutions. The performance of any such further act or thing and the execution of any such document or instrument by any of the Authorized Signatories of the Companies pursuant to these resolutions shall be conclusive evidence that the same have been authorized and approved by the Companies in every respect.

## General Resolutions

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Signatories of each of the Companies be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and certificates and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of the foregoing resolutions;

FURTHER RESOLVED, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of any Company by any officer, member, manager, or Authorized Signatory of any Company in connection with or related to the matters set forth or contemplated by the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects; and

FURTHER RESOLVED, that an Authorized Signatory of the Companies is hereby authorized to certify to third parties with respect to adoption of these resolutions in the form and substance satisfactory to them.

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**GULF COAST HEALTH CARE, LLC**
**PENSACOLA ADMINISTRATIVE HOLDINGS, LLC**
**GULF COAST MASTER TENANT HOLDINGS, LLC**

By:  _____
     Name: Scott D. Vogel
     Title: Independent Manager


**PENSACOLA ADMINISTRATIVE SERVICES, LLC**

By:  Pensacola Administrative Holdings, LLC, as member and manager

By:  _____
     Name: Scott D. Vogel
     Title: Independent Manager


**GULF COAST MASTER TENANT I, LLC**
**GULF COAST MASTER TENANT II, LLC**
**GULF COAST MASTER TENANT III, LLC**

By:  Gulf Coast Master Tenant Holdings, LLC, as member and manager

By:  _____
     Name: Scott D. Vogel
     Title: Independent Manager

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**GCH MANAGEMENT SERVICES, LLC**

By:  Gulf Coast Health Care, LLC, as member and manager

By: _____
Name: Scott D. Vogel
Title: Independent Manager

By:  Pensacola Administrative Services, LLC, as member

By:  Pensacola Administrative Holdings, LLC, as manager

By: _____
Name: Scott D. Vogel
Title: Independent Manager

**FLORIDA FACILITIES, LLC**
**GULF COAST FACILITIES, LLC**
**HUD FACILITIES, LLC**

By:  Gulf Coast Health Care, LLC, as member

By: _____
Name: Scott D. Vogel
Title: Independent Manager

By:  GCH Management Services, LLC, as member

By:  Gulf Coast Health Care, LLC, as manager

By: _____
Name: Scott D. Vogel
Title: Independent Manager

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**FL HUD BAYBREEZE, LLC**
**FL HUD BAYSIDE, LLC**
**FL HUD DESTIN, LLC**
**FL HUD MARGATE, LLC**
**FL HUD PENSACOLA, LLC**
**FL HUD ROSEWOOD, LLC**
**FL HUD SILVERCREST, LLC**
**MS HUD BOYINGTON, LLC**
**MS HUD DIXIE, LLC**
**MS HUD OCEAN SPRINGS, LLC**
**MS HUD PINE VIEW, LLC**

By: HUD Facilities, LLC, as sole member

    By: Gulf Coast Health Care, LLC, as member

By: _____
     Name: Scott D. Vogel
     Title: Independent Manager

    By: GCH Management Services, LLC, as member

    By: Gulf Coast Health Care, LLC, as manager

By: _____
     Name: Scott D. Vogel
     Title: Independent Manager

[SIGNATURE PAGE TO WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**AL CITRONELLE, LLC**
**AL WILLOW TREE, LLC**
**BREVARD OAKS CENTER, LLC**
**MS GREENBOUGH, LLC**
**MS LAKESIDE, LLC**
**MS SHELBY, LLC**
**MS SINGING, LLC**
**NF BRYNWOOD, LLC**
**NF CHIPOLA, LLC**
**NF ESCAMBIA, LLC**
**NF GLEN COVE, LLC**
**NF MANOR, LLC**
**NF NINE MILE, LLC**
**NF PANAMA, LLC**
**NF PENSACOLA MANOR, LLC**
**NF RIVER CHASE, LLC**
**NF SUWANNEE, LLC**
**NF WINDSOR, LLC**
**SC-GA2018 COBBLESTONE REHABILITATION AND
HEALTHCARE CENTER, LLC**

By: Gulf Coast Facilities, LLC, as sole member

By:  Gulf Coast Health Care, LLC, as member

By: _____
     Name: Scott D. Vogel
     Title: Independent Manager

By:  GCH Management Services, LLC, as member

By:  Gulf Coast Health Care, LLC, as manager

By: _____
     Name: Scott D. Vogel
     Title: Independent Manager

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**MF DEBARY, LLC**
**MF FLAGLER, LLC**
**MF HALIFAX, LLC**
**MF HERITAGE, LLC**
**MF LAKE EUSTIS, LLC**
**MF LONGWOOD, LLC**
**MF OAKWOOD, LLC**
**MF WINTER PARK, LLC**
**SF BERKSHIRE, LLC**
**SF BOYNTON, LLC**
**SF BREVARD, LLC**
**SF CARNEGIE, LLC**
**SF FOUNTAINHEAD, LLC**
**SF GLEN OAKS, LLC**
**SF KISSIMMEE, LLC**
**SF LAKE PLACID ALF, LLC**
**SF LAKE PLACID, LLC**
**SF OAKBROOK, LLC**
**SF ROYAL MANOR, LLC**
**SF SALERNO, LLC**
**SF TAMPA, LLC**

By: Florida Facilities, LLC, as sole member

  By:  Gulf Coast Health Care, LLC, as member

  By: _____
      Name: Scott D. Vogel
      Title: Independent Manager

  By:  GCH Management Services, LLC, as member

    By:  Gulf Coast Health Care, LLC, as manager

  By: _____
      Name: Scott D. Vogel
      Title: Independent Manager

[SIGNATURE PAGE TO WRITTEN CONSENT]

## SCHEDULE A

| | **Subsidiaries** |
|---|---|
| 1. | AL Citronelle, LLC |
| 2. | AL Willow Tree, LLC |
| 3. | Brevard Oaks Center, LLC |
| 4. | FL HUD Baybreeze, LLC |
| 5. | FL HUD Bayside, LLC |
| 6. | FL HUD Destin, LLC |
| 7. | FL HUD Margate, LLC |
| 8. | FL HUD Pensacola, LLC |
| 9. | FL HUD Rosewood, LLC |
| 10. | FL HUD Silvercrest, LLC |
| 11. | Florida Facilities, LLC |
| 12. | GCH Management Services, LLC |
| 13. | Gulf Coast Facilities, LLC |
| 14. | Gulf Coast Master Tenant I, LLC |
| 15. | Gulf Coast Master Tenant II, LLC |
| 16. | Gulf Coast Master Tenant III, LLC |
| 17. | HUD Facilities, LLC |
| 18. | MF Debary, LLC |
| 19. | MF Flagler, LLC |
| 20. | MF Halifax, LLC |
| 21. | MF Heritage, LLC |
| 22. | MF Lake Eustis, LLC |
| 23. | MF Longwood, LLC |
| 24. | MF Oakwood, LLC |
| 25. | MF Winter Park, LLC |
| 26. | MS Greenbough, LLC |
| 27. | MS HUD Boyington, LLC |
| 28. | MS HUD Dixie, LLC |
| 29. | MS HUD Ocean Springs, LLC |
| 30. | MS HUD Pine View, LLC |
| 31. | MS Lakeside, LLC |
| 32. | MS Shelby, LLC |
| 33. | MS Singing, LLC |
| 34. | NF Brynwood, LLC |
| 35. | NF Chipola, LLC |
| 36. | NF Escambia, LLC |
| 37. | NF Glen Cove, LLC |
| 38. | NF Manor, LLC |
| 39. | NF Nine Mile, LLC |
| 40. | NF Panama, LLC |
| 41. | NF Pensacola Manor, LLC |
| 42. | NF River Chase, LLC |
| 43. | NF Suwannee, LLC |
| 44. | NF Windsor, LLC |
| 45. | Pensacola Administrative Services, LLC |

[SCHEDULE A TO OMNIBUS ACTION BY WRITTEN CONSENT]

46. SC-GA2018 Cobblestone Rehabilitation and Healthcare Center, LLC
47. SF Berkshire, LLC
48. SF Boynton, LLC
49. SF Brevard, LLC
50. SF Carnegie, LLC
51. SF Fountainhead, LLC
52. SF Glen Oaks, LLC
53. SF Kissimmee, LLC
54. SF Lake Placid ALF, LLC
55. SF Lake Placid, LLC
56. SF Oakbrook, LLC
57. SF Royal Manor, LLC
58. SF Salerno, LLC
59. SF Tampa, LLC

Debtor ___Gulf Coast Health Care, LLC, et al.___

Case number (if known)_____

Fill in this information to identify the case:

Debtor name: Gulf Coast Health Care, LLC, et al.,

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 The Delta Group<br>c/o Delta Health Group, LLC<br>Attn: David L. Swanson<br>6984 Pine Forest Rd<br>Pensacola, FL 32526<br>United States | Name: David L. Swanson<br>Email: dswanson@lockelord.com<br>Phone: (214) 740-8514 | Seller Note | | | | $ 49,402,516.10 |
| 2 Omega Landlords<br>c/o Omega Healthcare Investors, Inc.<br>Attn: Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>United States | Name: Gary Holtzer, Robert Lemons, and Leighton Aiken<br>Email: gary.holtzer@weil.com<br>robert.lemons@weil.com<br>laiken@fbfk.law<br>Phone: (212) 310-8463 | Rent | | | | $ 48,996,164.00 |
| 3 The Centers for Medicare & Medicaid Services (CMS)<br>7500 Security Boulevard<br>Baltimore, MD 21244<br>United States | Name: Chiquita Brooks-Lasure<br>Email: Chiquita.brooks-lasure@cms.hhs.gov<br>Phone: (877) 267-2323 | Government Programs | | | | $ 11,518,884.14 |
| 4 Millenia Claims Management<br>7050 W. Palmetto Park Rd. #15-642<br>Boca Raton, FL 33433<br>United States | Name: Sheila Kieffer, AIC<br>Email: skieffer@milleniaclaims.com<br>Phone: (561) 686-1084 | Trade | | | | $ 4,459,928.03 |
| 5 Omnicare, Inc.<br>900 Omnicare Center<br>201 E. 4th Street<br>Cincinnati, OH 45202<br>United States | Name: Tammy Duran<br>Email: tammy.duran@cvshealth.com<br>Phone: (480) 765-6274 | Trade | | | | $ 3,235,930.89 |
| 6 Anthem Insurance Companies, Inc.<br>d/b/a Anthem Blue Cross Blue Shield<br>220 Virginia Ave.<br>Indianapolis, IN 46204<br>United States | Name: Jennifer Frostick (Client Executive)<br>Email: jennifer.frostick@anthem.com<br>Phone: (347) 712-1356 | Benefits | | | | $ 1,466,866.93 |
| 7 Careerstaff Unlimited, LLC<br>6333 N. State Highway 161, Suite 100<br>Irving, TX 75038<br>United States | Name: Laura Lafary (AR Specialist)<br>Email: laura.lafary@careerstaff.com<br>Phone: (813) 326-4754 | Staffing Agency | | | | $ 1,324,850.35 |
| 8 Gordon Food Service, Inc.<br>1300 Gezon Pkwy SW<br>Wyoming, MI 49509<br>United States | Name: Curt Davis (Credit Manager)<br>Email: curt.davis@gfs.com<br>Phone: (800) 968-6553 | Trade | | | | $ 1,207,388.76 |
| 9 Medline Industries<br>Dept. Ch. 14400<br>Palatine, IL 60055<br>United States | Name: Becky Maynard<br>Email: bmaynard@medline.com<br>Phone: (847) 643-3030 | Trade | | | | $ 1,196,499.13 |
| 10 Precision Healthcare Staffing, LLC<br>4209 Lakeland Drive #363<br>Flowood, MS 39232<br>United States | Name: Shonda Lyons<br>Email: shonda@precisionhcs.com<br>Phone: (877) 891-4286 | Staffing Agency | | | | $ 847,811.12 |
| 11 Elite Medical Staffing<br>8250 Bryan Dairy Road, Suite 310<br>Seminole, FL 33777<br>United States | Name: Bob Webster<br>Email: bwebster@elitemedicalstaffing.com<br>Phone: (727) 314-4811 | Staffing Agency | | | | $ 479,213.11 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Robert Johnson c/o De La Piedra 6 Tristan Way Pensacola, FL 32561 United States | Name: Jack De La Piedra Email: jack@delapiedralaw.com Phone: (850) 932-8560 | Litigation Settlement | | | | $ 426,302.84 |
| 13 | Direct Supply 7301 W. Champions Way Milwaukee, WI 53223 United States | Name: Leala Moen Email: leala_moen@homedepot.com Phone: (904) 229-7030 | Trade | | | | $ 390,107.12 |
| 14 | Blue Mountain Entities c/o Arent Fox LLP 1301 Avenue of the Americas, 42nd Floor New York, NY 10019 United States | Name: George Angelich & Michael Blass Email: george.angelich@arentfox.com michael.blass@arentfox.com Phone: (212) 484-3900 | Rent | | | | $ 375,562.04 |
| 15 | Norvell Brown c/o Mendes, Reins & Wilander 4401 W. Kennedy Blvd Ste. 250 Tampa, FL 33609 United States | Name: Blair N. Mendes Email: blair@mrwlawgroup.com Phone: (813) 535-5053 | Litigation Settlement | | | | $ 314,825.91 |
| 16 | Osceola Supply, Inc. 915 Commerce Blvd. Midway, FL 32343 United States | Name: Ian White Email: iwhite@osceolasupply.com Phone: (850) 580-9800 | Trade | | | | $ 304,004.02 |
| 17 | Louis Kraus c/o Mendes, Reins & Wilander 4401 W. Kennedy Blvd Ste. 250 Tampa, FL 33609 United States | Name: Blair N. Mendes Email: blair@mrwlawgroup.com Phone: (813) 535-5053 | Litigation Settlement | | | | $ 296,988.36 |
| 18 | Specialized Medical Services, Inc. 7237 Solution Center Chicago, IL 60677 United States | Name: Anna Wheeler Email: anna.wheeler@specializedmed.com Phone: (414) 476-1112 (ext. 1152) | Trade | | | | $ 278,728.14 |
| 19 | Superior Medical Staffing LLC 2431 Aloma Ave. Winter Park, FL 32792 United States | Name: Helen Stevenson Email: hstevenson@realtimeservices.com Phone: (407) 756-1485 | Staffing Agency | | | | $ 275,449.71 |
| 20 | Symphony Diagnostics Services No. 1, LLC 930 Ridgebrook Rd., Floor 3 Sparks, MD 21152 United States | Name: Terri Price Email: terri.price@tridentcare.com Phone: (469) 609-3782 | Trade | | | | $ 267,234.39 |
| 21 | Cristal Jones c/o Robert Gordon 4114 Northlake Blvd. Palm Beach Gardens, FL 33410 United States | Name: Robert Gordon Email: rgordon@fortheinjured.com Phone: (855) 201-3544 | Litigation Settlement | | | | $ 265,216.00 |
| 22 | Johnnie Wright c/o Mendes, Reins & Wilander 4401 W. Kennedy Blvd Ste. 250 Tampa, FL 33609 United States | Name: Blair N. Mendes Email: blair@mrwlawgroup.com Phone: (813) 535-5053 | Litigation Settlement | | | | $ 261,915.27 |
| 23 | Point Click Care Inc. 3261 Martin Luther King Jr. Drive SW Atlanta, GA 30311 United States | Name: Diana Macneil Email: diana.macneil@pointclickcare.com Phone: (905) 858-8885 (ext. 1331) | Trade | | | | $ 253,594.87 |
| 24 | Joerns Healthcare, LLC 2430 Whitehall Park Drive Charlotte, NC 28273 United States | Name: Lisa Hovis Email: lisa.hovis@joerns.com Phone: (800) 826-0270 (ext. 1549) | Trade | | | | $ 226,716.65 |
| 25 | Dialyze Direct 3297 Route 66 Neptune, NJ 7753 United States | Name: Gabi Barat Email: gbarat@dialyzedirect.com Phone: (718) 298-3376 | Trade | | | | $ 223,756.85 |

Debtor    Gulf Coast Health Care, LLC, et al.                                    Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | American Health Associates 15712 SW 41 Street, Suite 16 Davie, FL 33331 United States | Name: Joanna Pogonat Email: jpogonat@ahalabs.com Phone: (954) 919-5028 | Trade | | | | $    221,424.97 |
| 27 | Vista Clinical Diagnostics 3705 S. Hwy 27, Suite 102 Clermont, FL 34711 United States | Name: Thomas A. Napolitano Email: tom.napolitano@vistaclinical.com Phone: (352) 242-7920 | Trade | | | | $    212,654.44 |
| 28 | Glenn Voigt c/o Mendes, Reins & Wilander 4401 W. Kennedy Blvd Ste. 250 Tampa, FL 33609 United States | Name: Blair N. Mendes Email: blair@mrwlawgroup.com Phone: (813) 535-5053 | Litigation Settlement | | | | $    197,559.70 |
| 29 | John Allen Perry c/o Mendes, Reins & Wilander 4401 W. Kennedy Blvd Ste. 250 Tampa, FL 33609 United States | Name: Blair N. Mendes Email: blair@mrwlawgroup.com Phone: (813) 535-5053 | Litigation Settlement | | | | $    186,159.51 |
| 30 | MetLife 200 Park Ave. New York, NY 10166 United States | Name: Jim O'Donnell Email: jodonnell@metlife.com Phone: (908) 253-1801 | Benefits | | | | $    181,618.54 |
| 31 | ENGIE Impact 450 Lexington Ave., 4th Floor New York, NY 10017 United States | Name: Amy Barcellos Email: amy.barcellos@engie.com Phone: (509) 329-7022 | Utilities | | | | $    173,028.70 |
| 32 | Mitchell Technology Services 16290 North Shore Dr. Pensacola, FL 32507 United States | Name: Charles Mitchell Email: charles.r..mitchell@att.net Phone: (813) 535-5053 | Trade | | | | $    165,600.00 |
| 33 | Flora Mae Brown c/o Mendes, Reins & Wilander 4401 W. Kennedy Blvd Ste. 250 Tampa, FL 33609 United States | Name: Blair N. Mendes Email: blair@mrwlawgroup.com Phone: (813) 535-5053 | Litigation Settlement | | | | $    162,913.55 |
| 34 | Derris Buck c/o William A. Dean 3323 NE 163rd St., Suite 605 North Miami Beach, FL 33160 United States | Name: William A. Dean Email: bill@forddean.com Phone: (305) 670-2000 | Litigation Settlement | | | | $    150,196.00 |
| 35 | Baptist Health Care Corporation 1717 N. E Street Pensacola, FL 32501 United States | Name: Shay Myrick Email: shay.myrick@bhcpns.org Phone: (850) 434-4848 | Trade | | | | $    147,427.81 |
| 36 | Singing River Hospital System 2809 Denny Ave. Pascagoula, MS 39581 United States | Name: Charlie Brinkley Email: charlie.brinkley@mysrhs.com Phone: (228) 497-7597 | Trade | | | | $    146,689.30 |
| 37 | Base 10 Genetics 8 W. Monroe St., Suite 2101 Chicago, IL 60603 United States | Name: Jay Hastings Email: jhastings@base10genetics.com Phone: (866) 710-1018 | Trade | | | | $    138,995.00 |
| 38 | Weldon Jones c/o Ronald Gilbert, Nathan Carter 801 N. Orange Ave., #830 Orlando, FL 32801 United States | Name: Ronald Gilbert & Nathan Carter Email: rgilbert@thefloridafirm.com         ncarter@thefloridafirm.com Phone: (407) 712-7300 | Litigation Settlement | | | | $    138,152.50 |
| 39 | Jimmy Lott c/o De La Piedra 6 Tristan Way Pensacola, FL 32561 United States | Name: Jack De La Piedra Email: jack@delapiedralaw.com Phone: (850) 932-8560 | Litigation Settlement | | | | $    132,151.00 |
| 40 | Staples Advantage P.O. Box 660409 Dallas, TX 75266 | Name: Lamar Huff Email: lamar.huff@staples.com Phone: (706) 616-4221 | Trade | | | | $    127,035.70 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GULF COAST HEALTH CARE, LLC, *et al.*,[1] | ) | Case No. 21-[_____] (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) |  |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Gulf Coast Health Care, LLC and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows with respect to the Debtors' direct and indirect corporate ownership:

1.      Non-Debtor Gulf Coast Health Care Holdings, LLC owns 100% of the membership interests in Gulf Coast Health Care, LLC.  Non-Debtor Southeast US Holdings, LLC owns 50% of the membership interests in non-Debtor Gulf Coast Health Care Holdings, LLC and non-Debtor BSREF III Parallel Investor I, LLC owns approximately 15% of the membership interests in non-Debtor Gulf Coast Health Care Holdings, LLC.  Non-Debtor Southeast Master Holdings, LLC owns 100% of the membership interests in non-Debtor Southeast US Holdings, LLC.

2.      Gulf Coast Health Care, LLC owns 95% of the membership interests in GCH Management Services, LLC.

---

[1]     The last four digits of Gulf Coast Health Care, LLC's federal tax identification number are 9281.  There are 62 Debtors in these chapter 11 cases, for which the Debtors have requested joint administration.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/GulfCoastHealthCare.  The location of Gulf Coast Health Care, LLC's corporate headquarters and the Debtors' service address is 40 South Palafox Place, Suite 400, Pensacola, FL 32502.

3.      Gulf Coast Health Care, LLC owns 95% of the membership interests in HUD Facilities, LLC.

4.      HUD Facilities, LLC owns 100% of the membership interests in the following Debtor entities: MS HUD Boyington, LLC; MS HUD Dixie, LLC; MS HUD Ocean Springs, LLC; MS HUD Pine View, LLC; FL HUD Baybreeze, LLC; FL HUD Bayside, LLC; FL HUD Destin, LLC; FL HUD Margate, LLC; FL HUD Rosewood, LLC; FL HUD Silvercrest, LLC; and FL HUD Pensacola, LLC.

5.      Gulf Coast Health Care, LLC owns 95% of the membership interests in Gulf Coast Facilities, LLC.

6.      Gulf Coast Facilities, LLC owns 100% of the membership interests in the following Debtor entities: MS Greenbough, LLC; MS Lakeside, LLC; MS Shelby, LLC; MS Singing, LLC; NF Pensacola Manor, LLC; NF Brynwood, LLC; NF Chipola, LLC; NF Glen Cove, LLC; NF Panama, LLC; NF River Chase, LLC; NF Manor, LLC; NF Suwannee, LLC; NF Windsor, LLC; NF Escambia, LLC; Brevard Oaks Center, LLC; NF Nine Mile, LLC; AL Citronelle, LLC; AL Willow Tree, LLC; and SC-GA2018 Cobblestone Rehabilitation and Healthcare Center, LLC.

7.      Gulf Coast Health Care, LLC owns 95% of the membership interests in Florida Facilities, LLC.

8.      Florida Facilities, LLC owns 100% of the membership interests in the following Debtor Entities: SF Boynton, LLC; MF Halifax, LLC; MF Debary, LLC; MF Flagler, LLC; SF Glen Oaks, LLC; MF Heritage, LLC; MF Lake Eustis, LLC; SF Lake Placid, LLC; MF Longwood, LLC; SF Oakbrook, LLC; SF Kissimmee, LLC; MF Oakwood, LLC; SF Royal

Manor, LLC; SF Salerno, LLC; MF Winter Park, LLC; SF Carnegie, LLC; SF Brevard, LLC; SF Lake Placid ALF, LLC; SF Fountainhead, LLC; SF Berkshire, LLC; and SF Tampa, LLC.

9.      Non-Debtor PAH II, LLC owns 100% of the membership interests in Pensacola Administrative Holdings, LLC.  Non-Debtor Southeast Admin Holdings, LLC owns 50% of the membership interests in non-Debtor PAH II, LLC and non-Debtor BSREF III Parallel Investor I, LLC owns approximately 15% of the membership interests in non-Debtor PAH II, LLC.  Non-Debtor Southeast Master Holdings, LLC owns 100% of the membership interests in non-Debtor Southeast Admin Holdings, LLC.

10.      Pensacola Administrative Holdings, LLC owns 100% of the membership interests in Pensacola Administrative Services, LLC.

11.      Non-Debtor GCMTH II, LLC owns 100% of the membership interests in Gulf Coast Master Tenant Holdings, LLC.  Non-Debtor Southeast MT Holdings, LLC owns 50% of the membership interests in non-Debtor GCMTH II, LLC and non-Debtor BSREF III Parallel Investor I, LLC owns approximately 15% of the membership interests in non-Debtor GCMTH II, LLC.  Non-Debtor Southeast Master Holdings, LLC owns 100% of the membership interests in non-Debtor Southeast MT Holdings, LLC.

12.      Gulf Coast Master Tenant Holdings, LLC owns 100% of the membership interests in the following Debtor entities: Gulf Coast Master Tenant I, LLC; Gulf Coast Master Tenant II, LLC; and Gulf Coast Master Tenant III, LLC.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name __NF Suwannee, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                                    (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration__Consolidated Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/14/2021___          ✘ _/s/ M. Benjamin Jones_____
                 MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                       __M. Benjamin Jones_____
                                       Printed name

                                       __Chief Restructuring Officer_____
                                       Position or relationship to debtor